## COUNTIES OF WASHINGTON, BRISTOL, AND NEWPORT, DURING THE FALL CIRCUIT, 1872.

PRESENT :

Hon. GEORGE A. BRAYTON, Chief Justice.
Hon. THOMAS DURFEE, } Justices.
Hon. ELISHA R. POTTER, }

## WASHINGTON COUNTY, AUGUST TERM, 1872.

### GEORGE WEEDEN vs. BERRY & STANTON.

It is not a valid ground of objection to the award of referees under a rule of court, that they have allowed interest on the plaintiff's claim, although his declaration contained no count claiming interest.

W. brought an action against B. &. S. for the recovery of money due for goods, wares, and merchandise sold and delivered, and for work and labor done and performed by plaintiff for defendants at their request, and the referees to whom the action was submitted under rule of court allowed him for certain yards of warp furnished to B. & S. over and beyond the quantity which by a contract between the parties he had agreed to furnish, but which they received and used. *Held*, that such claim might properly be made under his declaration, and be allowed by the referees, although W. did not give B. & S. notice of said claim until long after the commencement of the suit.

ASSUMPSIT for goods, wares, and merchandise sold and delivered, and work and labor done. The case was heard upon the

defendants' exceptions to the award of referees, to whom the case had been referred by rule of court. The exceptions and the essential facts of the case appear in the opinion.

*Miner & Cooke*, for the defendants, in support of the exceptions.

*Dixon & Hazard*, for the plaintiff, *contra*.

BRAYTON, C. J. This action is brought to recover of defendants for moneys due by book account, according to the account filed; and for goods, wares, and merchandise sold and delivered by plaintiff to defendants; and for certain work and labor, skill, care, and diligence, done and performed by plaintiff for defendants. The declaration contains the common money counts, for money had and received, money lent, money paid out and expended. This suit was by agreement of the parties ruled by rule of court to three referees, to abide their award in the event of any two of them agreeing.

Two of the referees have agreed upon an award in the case, and have reported that there was due to the plaintiff, for 2,814½ pounds of cotton furnished by him for defendants, the sum of $2,865$\frac{65}{100}$, and for interest to October 28, 1871. That upon another matter in dispute and submitted, there is due the plaintiff also the sum of $2,905$\frac{43}{100}$, for warp furnished by the plaintiff to the defendants beyond the amount required by the contract between them, being the difference of the yards at thirty-six inches to the yard, as the contract required, and thirty-eight inches to the yard as they were furnished. And have allowed interest on such sum to October 28, 1871; and find that the plaintiff is entitled to interest after October 28, 1871.

To this report of the referees the defendants except: 1st. That there is no count in the plaintiff's declaration for interest. 2d. The referees have allowed, against defendants' objection, a claim for two inches in the yard extra measure in the warp furnished, a claim not made known to defendants until after the commencement of the suit. 3d. The notice of said claim for the two extra inches given in July, 1867, referred to a special contract made concerning the size and length of warps, but no special contract is set forth in the declaration.

In the argument the defendants, admitting that the referees had exclusive jurisdiction of the case from the time it was sub-

mitted to them until the final report and award, contend that they have acted upon matters not within the submission, and over which they had no jurisdiction.

These referees were by the agreement of the parties constituted a court for the determination of the suit, and as such had committed to them the power to adjudge and determine all questions of law or of fact which could arise in the case in any stage, to the final judgment, whether such questions were raised directly or indirectly in the progress of the trial, and the question raised by these exceptions, it is argued, is not whether the referees erred in judgment upon the law or the facts, — their unbiased judgment upon either being that by which the parties have agreed to abide, — but it is whether the matters which they have determined could arise in the case, whether it is competent for them to entertain such questions. The first objection is that they entertained a question of interest, and have determined that the plaintiff was entitled to interest, and the special ground of objection is that there is no count in the plaintiff's declaration claiming interest. These questions do arise every day in trials as to the allowance of interest when it is not specifically claimed in the declaration; when interest is to be allowed in the nature of damages; when a jury may give it. When interest is intended to be given, it forms part of the damages assessed by the jury, or by those who are substituted in their place by the parties. It may be made in every case where money is found to be due from one party to the other. The claim may be well or ill founded. The court is to determine whether well or ill founded, and though the judgment may be erroneous, it is still within the competency of the court having jurisdiction of the case.

The second exception is that the referees allowed the plaintiff for certain yards of warp, furnished by plaintiff to the defendants, over and beyond the quantity which by a contract between the parties he had obliged himself to furnish, but which the defendants received and used. The suit was for the recovery of money due for goods, wares, and merchandise sold and delivered, and for work and labor done and performed by plaintiff for defendants at their request. The claim might properly be made under the plaintiff's declaration, and so be within the jurisdiction of the referees. But the defendants object that the plaintiff did

not inform them that such claim was to be made under that count. He did not give them the particulars of his claim till long after the commencement of the suit. The want of this notice could not affect the jurisdiction of the referees, nor does it determine that the claim, if it existed at the commencement of the action, was not comprehended in it. That it did exist, is not denied.

Thirdly, the defendants object that when notice was given of this claim for the extra quantity of warp furnished, the plaintiff alludes to a special contract between the parties concerning the length of the warp to be furnished, but has set forth in the declaration no special contract. The suit is not for the recovery of money due under the special contract; that contract is not in suit; but is for warp furnished beyond and outside of any special contract. If this were erroneous, as it is not, the referees might properly enough entertain the question as arising in the case and determine it.

These exceptions must be overruled, the report be confirmed, and *Judgment entered thereon for the plaintiff.*